J-S20005-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GERALD WEAVER, JR. | : | |
| | : | |
| Appellant | : | No. 1313 MDA 2024 |

Appeal from the PCRA Order Entered August 2, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0004601-2015

BEFORE:  OLSON, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.:          **FILED: JUNE 16, 2025**

Appellant, Gerald Weaver, Jr., appeals from the order entered on August 2, 2024, dismissing as untimely his second petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Appellant's counsel filed both a petition for leave to withdraw as counsel and an accompanying brief pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).   After careful review, we grant counsel's amended petition to withdraw and affirm the trial court's order dismissing Appellant's PCRA petition.

We briefly summarize the facts and procedural history of this case as follows.  On May 6, 2016, Appellant pled guilty to rape and false imprisonment and was sentenced, in accordance with a plea agreement, to five to 10 years

of imprisonment.[1] Appellant did not appeal his judgment of sentence. Thereafter, Appellant filed a timely, first *pro se* PCRA petition on May 15, 2017 and the PCRA court appointed counsel to represent him. Ultimately, the PCRA court denied relief and permitted the withdrawal of PCRA counsel by order entered on August 7, 2017. Appellant did not appeal that determination. Presently, Appellant filed a *pro se* PCRA petition on February 29, 2024. On August 2, 2024, the PCRA court dismissed Appellant's PCRA as untimely. This timely appeal resulted.[2]

"Prior to addressing the merits of the appeal, we must review counsel's compliance with the procedural requirements for withdrawing as counsel." ***Commonwealth v. Muzzy***, 141 A.3d 509, 510 (Pa. Super. 2016) (citation omitted). This Court has held:

---

[1] 18 Pa.C.S.A. §§ 3121(A)(2)(rape) and 2903(B)(false imprisonment of a minor), respectively.

[2] Appellant filed a timely *pro se* notice of appeal from prison postmarked August 30, 2024. ***See*** Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken); ***see also*** Pa.R.A.P. 121(f) ("A *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence."). The PCRA court appointed PCRA counsel on November 12, 2024. On February 7, 2025, PCRA counsel filed a statement of intention to file a ***Turner/Finley*** brief on appeal pursuant to Pa.R.A.P. 1925(c)(4). On the same day, the PCRA court entered an order stating that in light of PCRA counsel's declaration of intent to file a ***Turner/Finley*** brief, it would not file an opinion pursuant to Pa.R.A.P. 1925(a) and, instead, relied upon its reasoning for dismissing Appellant's most recent PCRA petition in its notice pursuant to Pa.R.Crim.P. 907 issued on July 2, 2024.

> Counsel petitioning to withdraw from PCRA representation must proceed [] under [*Turner*/*Finley*.] *Turner*/*Finley* counsel must review the case zealously. *Turner*/*Finley* counsel must then submit a "no-merit" letter to the [PCRA] court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the [immediate] right to proceed *pro se* or by new counsel.
>
> * * *
>
> [W]here counsel submits a petition and no-merit letter that ... satisfy the technical demands of *Turner*/*Finley*, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (internal citations and quotations omitted). Here, counsel has satisfied all of the above procedural requirements.

We now undertake our own review of the case to consider whether the PCRA court erred in dismissing Appellant's petition. "In reviewing the propriety of the PCRA court's denial of a petition for relief, we are limited to determining whether the record supports the court's findings, and whether the order is otherwise free of legal error." *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001) (citations omitted). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." *Id.* (citation omitted).

In his appellate **Turner**/**Finley** brief, PCRA counsel states that Appellant currently alleges "the Commonwealth suppressed a video recording" of the minor victim in this case, which constitutes a violation of **Brady v. Maryland**, 373 U.S. 83 (1962) and which triggers the "unknown facts" exception to the PCRA's one-year jurisdictional time bar. **Turner**/**Finley** Brief at 3.[3]

The timing requirements for filing a PCRA petition are as follows:

(b) Time for filing petition.

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).

We have previously stated:

Given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims

---

[3] To date, Appellant has not responded to counsel's **Turner**/**Finley** brief.

raised in a PCRA petition that is filed in an untimely manner. Moreover, these provisions apply to all PCRA petitions, regardless of the nature of the individual claims raised therein.

*Carr*, 768 A.2d at 1167 (internal citations and quotations omitted). "Therefore, if a PCRA petition is not filed within one year of the date that the judgment of sentence becomes final[,] or is not eligible for one of the three limited statutory exceptions to the timeliness requirement[, …] then the court has no jurisdiction to address the substantive merits of the petition." *Id.* (citation omitted). Here, Appellant's judgment of sentence became final in 2017. As such, his current PCRA petition, filed in February 2024, is patently untimely.

Appellant invokes the unknown facts exception to the PCRA and this Court has recently reaffirmed:

> To invoke the [] exception the petitioner must establish that "(1) the facts upon which the claim was predicated were unknown and (2) they could not have been ascertained by the exercise of due diligence." *Commonwealth v. Staton*, 646 Pa. 284, 184 A.3d 949, 955 (2018) (citation omitted).
>
> The facts must be newly-discovered not merely "newly-discovered or newly-willing sources that corroborate previously known facts or previously raised claims." *Commonwealth v. Maxwell*, 232 A.3d 739, 745 (Pa. Super. 2020) (*en banc*) (citation omitted). "Due diligence demands that the petitioner take reasonable steps to protect his own interests; a petitioner must explain why he could not have learned the new facts earlier with the exercise of due diligence." *Commonwealth v. Sanchez*, 204 A.3d 524, 526 (Pa. Super. 2019) (citation omitted).

*Commonwealth v. Mickeals*, -- A.3d --, 2025 WL 1122104 (Pa. Super. 2025).

More specifically, with regard to the interplay between the unknown facts exception under the PCRA and **Brady**, our Supreme Court has stated:

The law governing alleged **Brady** violations is well-settled. In **Brady**, the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. The Supreme Court subsequently held that the duty to disclose such evidence is applicable even if there has been no request by the accused, and that the duty may encompass impeachment evidence as well as directly exculpatory evidence. Furthermore, the prosecution's **Brady** obligation extends to exculpatory evidence in the files of police agencies of the same government bringing the prosecution.

On the question of materiality, the [United States Supreme] Court has noted that such evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. The materiality inquiry is not just a matter of determining whether, after discounting the inculpatory evidence in light of the undisclosed evidence, the remaining evidence is sufficient to support the jury's conclusions. Rather, the question is whether the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict. Thus, there are three necessary components that demonstrate a violation of the **Brady** strictures: the evidence was favorable to the accused, either because it is exculpatory or because it impeaches; the evidence was suppressed by the prosecution, either willfully or inadvertently; and prejudice ensued.

**Commonwealth v. Lambert**, 884 A.2d 848, 853–854 (Pa. 2005) (internal citations, quotations, and original brackets omitted). Our Supreme Court has held that a **Brady** violation may trigger the unknown facts exception codified at Section 9545(b)(1)(ii) so long as a petitioner alleges and proves that the facts upon which the **Brady** claim is predicated were not previously known to

the petitioner and could not have been ascertained through due diligence. ***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa. 2008), *citing* ***Lambert***, 884 A.2d at 852. If the required showing has not been made, the unknown facts exception is not validly invoked, and the petition is untimely. ***Id.*** at 856.

Here, the PCRA court recognized that a video-taped interview of the child victim in this matter "was the subject of a motion made before the [trial] court regarding the use of the `tender years exception,' which would have been sent to [Appellant] and his trial counsel as well." Trial Court Rule 907 Notice, 7/2/2024, at *3 (unpaginated). As such, the PCRA court opined that Appellant and defense counsel knew about the video at the time of trial and could have uncovered it with due diligence. ***Id.*** at *3-4. Moreover, in answering Appellant's current PCRA petition, the Commonwealth submitted an affidavit from the assistant district attorney assigned to this matter. ***Id.*** The PCRA court credited this sworn statements, which declared that "[the prosecutor] sent the video in question to [Appellant] and his trial counsel as part of discovery for the case." ***Id.*** at *3. Hence, the PCRA court found "sufficient reason to believe that the facts alleged in the present [PCRA] petition [did] not provide a basis to claim the statutory exception to the default filing period under [Section] 9545(b)(1)(ii)." ***Id.*** at *4.

Based upon our review of the certified record and applicable law, we agree with the PCRA court's assessment that Appellant's current PCRA petition was untimely and without exception. The trial court docket reflects that on

March 11, 2016, the Commonwealth filed a petition to admit the out-of-court statements of the minor victim in this case under the tender years hearsay exception pursuant to 42 Pa.C.S.A. § 5985.1. Commonwealth's Petition to Admit Statements, 3/11/2016. More specifically, the Commonwealth alleged that the minor "was interviewed by Mary Hayle, forensic interviewer at the Lancaster County Children's Alliance. Also present during this interview, in an outer room where a live feed was connected to listen was Detective Preston Gentzler. **This interview was video-taped**. During this interview, C.W. disclosed that [Appellant], forced him into the bathroom while the defendant then hurt his mother." *Id.* at ¶5 (emphasis added). Ultimately, the Commonwealth requested "that each of the child·victim's statements [], including the video-taped interview, [be] admissible as substantive evidence under the 'Tender Years Hearsay Exception,' 42 Pa.C.S.A. §5985.1." *Id.* at *4 (unpaginated). Attached to the petition is a certificate of service indicating that the petition to admit statements was sent to Appellant's trial counsel. Although the trial court never convened a hearing or ruled on the Commonwealth's petition to admit statements (presumably because Appellant ultimately pled guilty two months later in May 2016 and, thus, the video was no longer necessary as evidence for trial), the record indicates that defense counsel knew about the video. Therefore, the facts that form the basis for Appellant's unknown facts exception claim were known to him and we are

convinced that Appellant did not validly invoke a timeliness exception.[4] Accordingly, we agree that Appellant's PCRA petition was untimely and not subject to an exception and, therefore, the PCRA court did not err in dismissing Appellant's PCRA petition for lack of jurisdiction. Accordingly, we agree with appointed counsel that the current appeal has no merit, we grant counsel's motion to withdraw, and we affirm the order dismissing Appellant's petition for PCRA relief.

Order affirmed. Petition to withdraw as counsel granted. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/16/2025

---

[4] Although the PCRA court credited the Commonwealth's contention that it actually sent the video to defense counsel, we need not consider this contention as the record confirms that Appellant knew, or with reasonable diligence could have ascertained, the existence of the video. ***See Commonwealth v. Elia***, 83 A.3d 254, 264 (Pa. Super. 2013) (an appellate court may affirm a valid judgment based upon any reason appearing in the record).